NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD SAKAMOTO, by and through surviving heirs; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTY OF LOS ANGELES; STATE OF CALIFORNIA, <br><br> Defendants-Appellees. | No. 18-55440 <br><br> D.C. No. 2:17-cv-03181-R-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted January 8, 2020
Pasadena, California

Before: WATFORD and BENNETT, Circuit Judges, and RAKOFF,[**] District Judge.

**1.** Jane Sakamoto and her children, Mindy and Jason Sakamoto, appeal from the district court's dismissal of their wrongful death cause of action under California state law against the County of Los Angeles and the State of California.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

The Sakamotos argue that California's Government Claims Act does not bar their suit, as they provided the County and State sufficient notice of their cause of action before filing their complaint. We have jurisdiction under 28 U.S.C. § 1291. We reverse the district court's dismissal of Jane's wrongful death cause of action but affirm the dismissal of Mindy's and Jason's wrongful death cause of action.

Under the Government Claims Act, a plaintiff seeking damages from a public entity must file a claim with the entity before bringing certain types of suits, including wrongful death and survival causes of action. Cal. Gov. Code § 945.4; *Castaneda v. Dep't of Corr. & Rehab.*, 151 Cal. Rptr. 3d 648, 655–56 (Cal. Ct. App. 2013). The claim must present each cause of action and provide the entity with enough information to investigate and settle the claim if possible. *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 502–03 (Cal. 2004). Here, the district court determined that the Sakamotos' claim notified the County and State only of their intent to pursue a survival action on behalf of the estate of Gerald Sakamoto (Jane's husband and Mindy and Jason's father).

After reviewing the language of the claim, we conclude that the County and State had sufficient notice of Jane's wrongful death cause of action. The claim explicitly mentioned loss of consortium damages, which in this context could be requested only by a surviving spouse in a wrongful death suit. *See Peterson v. John Crane, Inc.*, 65 Cal. Rptr. 3d 185, 192 (Cal. Ct. App. 2007). The claim also

identified the County's and State's roles in Gerald's death, detailing the relevant facts and circumstances. Accordingly, this is not a situation in which "there [was] nothing in [the] claim to suggest it was filed in anything other than" Jane's representative capacity. *See Nelson v. County of Los Angeles*, 6 Cal. Rptr. 3d 650, 661–62 & n.10 (Cal. Ct. App. 2003) (holding that a plaintiff could not pursue a survival cause of action because her claim "did not identify any damages recoverable by the estate"). Instead, the claim provided the County and State with adequate information to investigate Jane's wrongful death cause of action.

The claim did not, however, notify the County and State of Mindy's and Jason's wrongful death cause of action. Children cannot receive loss of consortium damages under California law, *Borer v. Am. Airlines, Inc.*, 563 P.2d 858, 865 (Cal. 1977), and the claim contained no indication that Mindy and Jason were seeking damages in their individual capacities, *see Nelson*, 6 Cal. Rptr. 3d at 661–62.

**2.** The Sakamotos also appeal from the district court's order granting summary judgment to the County on their claims under 42 U.S.C. § 1983. We affirm.

Relying on *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189 (1989), the Sakamotos argue that the County violated the Fourteenth Amendment for two reasons. First, they allege that the County had a constitutional

duty to protect Gerald under *DeShaney*'s "special relationship" exception. *See id.* at 201–02. But this exception applies only when a county fails to protect someone in its custody, *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 972 (9th Cir. 2011), and Gerald was not in the County's custody at the time of his death.

Second, the Sakamotos contend that the County exhibited deliberate indifference to "a known or obvious danger" by releasing Gerald from the jail in a vulnerable medical state. *See id.* at 974 (internal quotation marks omitted). Even after construing the facts in the light most favorable to the Sakamotos, we find no evidence in the record to support this claim. The nurses who evaluated Gerald had no reason to suspect that he was unable to care for himself, nor did any other County employee who interacted with him during his time at the jail. The record also does not support a finding that Melvalisa Rodell—the operator who Jane allegedly informed about Gerald's medical needs—exhibited deliberate indifference to his health or safety. To the contrary, Rodell testified that by the time of Gerald's incarceration she had memorized the phone number for the Medical Command Center and that, had Jane told her about Gerald's mental health issues, she would have given Jane the number.

Even if a jury found that Rodell failed to give Jane this number, there is no evidence to suggest that Rodell did so deliberately. *See id.* (explaining that an individual acts with deliberate indifference when she "actually intend[s] to expose

the plaintiff to [known] risks"). As a result, the district court properly dismissed the Sakamotos' claims against the individual County officials.

Because the Sakamotos cannot show that a County official committed an underlying constitutional violation, the County itself cannot be held liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). *See Gibson v. County of Washoe*, 290 F.3d 1175, 1194 (9th Cir. 2002).

**AFFIRMED in part, REVERSED in part, and REMANDED.**